[Civ. No. 7818. Second Appellate District, Division One.—March 21, 1931.]

WILSHIRE–COMMONWEALTH CORPORATION, Petitioner, v. STATE CORPORATION DEPARTMENT et al., Respondents.

Wellborn & Wellborn, for Petitioner.

No appearance for Respondents.

CONREY, P. J.—On petition for rehearing, after the entry of an order denying petition for writ of *certiorari*.

One of the reasons for denying the petition for the writ was that the application should have been made to the superior court rather than to this court. While the jurisdiction is concurrent, the rule of practice is that where the application might have been lawfully made to a lower court in the first instance, the higher court will not assume jurisdiction of the cause unless the circumstances set forth in the petition are such as to "render it proper that the writ should issue originally from the appellate court to which such application is made and not from such lower court". (Rule XXVI of the Rules of the Supreme Court and District Courts of Appeal.)

In denying the application for the writ, the justices of this court were of the opinion that petitioner will not be exposed to the dire consequences described by it as results likely to ensue from the determination of this court that the petition should have been filed in the superior court.

 Notwithstanding the alleged magnitude of the interests involved, the questions raised concerning the order sought to be reviewed are not such that they directly affect the public welfare. Furthermore, the order made by the commissioner of corporations (suspending the permit theretofore granted to petitioner to sell and issue its convertible notes, and shares of stock) is an order suspending the permit only "in so far as the same authorized or permitted the sale and issuance of securities of said applicant". Conceding for the moment that the commissioner would be without jurisdiction to make any order which would prevent the exercise of rights vested in respect to convertible notes which were sold before the date of the order of suspension, it does not appear that by said order of suspension the commissioner has attempted to accomplish any such interference with rights thus vested.

The petition for rehearing is denied.

Houser, J., and York, J., concurred.